**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,**

v.

**WESTERN LLOYDS INSURANCE COMPANY, Appellee.**

No. 01–82–0486–CV.

Court of Appeals of Texas, Houston (1st Dist.).

September 1, 1983.

**294**

Alice Giessel, Houston, for appellant.
Jeff Dykes, Houston, for appellee.

Before WARREN and BASS, JJ.

## OPINION

## ON MOTION FOR REHEARING OF APPELLANT UNITED SERVICES AUTOMOBILE ASSOCIATION

BULLOCK, Justice.

On June 9, 1983, this court entered, in part, the following judgment on appellee's motion for rehearing in the above numbered cause:

> The cause heard today by the Court is an appeal from the judgment rendered and entered by the court below on May 27, 1982. After hearing the cause on the transcript of the record and inspecting the same, it is the opinion of this Court that there was error in the judgment. It

> is therefore considered, adjudged and ordered that the judgment of the court below be reversed and rendered and that appellant recover from appellee $43,437.69.

> It is further ordered that the appellee, Western Lloyds Insurance Company, pay all costs incurred on appeal.

Appellee, in its second point of error on appellee's motion for rehearing, asserted that the Court erred in rendering judgment against appellee for a portion of the attorney's fees incurred by United Services Automobile Association in its defense of the mortgagee's suit. Upon careful consideration of appellee's argument in this respect, we agreed and withdrew and vacated our previous judgment and substituted a new judgment which excluded from the amount recovered by appellant from appellee, the $6,000 in attorney's fees and court costs of $15 paid by United States Automobile Association to University Savings, the mortgagee. Appellee's first point of error on rehearing was overruled.

On appellant's motion for rehearing, it urges that this court erred in subtracting the entire $6,015.00 from the prior recovery since the original judgment against Western Lloyds had not included this entire amount, but only included 200/385 as Western Lloyds proportionate share.

We agree.

Appellant, therefore, shall recover the sum of $46,328.01 from appellee.

Appellee's second motion for rehearing is overruled. Appellant's motion for rehearing is granted, this Court's previous judgment of June 9, 1983, is vacated, set aside, and annulled, our opinion on appellee's motion for rehearing of June 9, 1983, is withdrawn, and the trial court's judgment is reversed and rendered in accordance with this opinion.